Argued and submitted September 1, sentences vacated; remanded for
resentencing; otherwise affirmed October 19, 2005, petition for review denied
January 24, 2006 (340 Or 34)

STATE OF OREGON,
*Respondent,*

*v.*

JEWELLS DREAM,
aka Troy Leon Shackelford,
*Appellant.*

20-02-10736; A119719

121 P3d 699

Andrew S. Chilton argued the cause for appellant. With him on the briefs was Chilton, Ebbett & Rohr, LLC.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for assault in the second degree, ORS 163.175, and reckless endangerment, ORS 163.195. He contends that the trial court conducted an insufficient inquiry before requiring him to remain in ankle restraints during the trial. He also contends that the court erred in refusing to give the jury a less-satisfactory evidence instruction. And he contends that the court erred in imposing a departure sentence based on findings of fact that were neither admitted by him nor found by a jury. We vacate the sentences and remand for resentencing, but otherwise affirm.

We begin with defendant's assignments of error concerning the sufficiency of the trial court's inquiry before requiring defendant to remain in restraints during the trial. The relevant facts are not in dispute. Before trial, defendant objected to being required to wear ankle restraints. Counsel stated, "My request is that he have them removed during jury selection. This is the time when the jurors are walking up to hand their questionnaires to the various parties. They're coming right up by counsel table. It is very easy to see those shackles." The court responded that the sheriff's deputies had recommended employing the restraints and that it was going to follow that recommendation. The court noted that a curtain had been draped across the front and sides of counsel table that would largely screen the fact that defendant was wearing ankle restraints.

After *voir dire* and after the jury had been sworn in, defendant renewed his objection to the ankle restraints and moved for a mistrial. Defendant argued that the court had neglected to make any findings that defendant posed a sufficient security risk to justify the use of the restraints. According to defendant, "The trial court can't simply accept a conclusion by the prosecutor that the defendant presents a security risk sufficient to require shackling during trial." The trial court denied the motion.

On appeal, defendant assigns error both to the trial court's denial of his initial request to appear free of restraints and to the denial of his mistrial motion. He contends that

both decisions suffer from the same defect, namely, insufficient findings that defendant posed a security risk sufficient to justify the use of restraints. The state responds that, among other things, defendant's assignments of error are unpreserved. We agree with the state.

■     To preserve a claim of error for appeal, a party must "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In this case, defendant did not do that. As to his initial assignment, concerning the court's denial of his request to be free of restraints before *voir dire*, nothing in the record suggests that defendant argued to the trial court that it needed to make any particular findings. In the absence of such an argument, defendant cannot now be heard to complain about the failure of the trial court to make such findings.

■     As to the denial of the mistrial motion, defendant did argue to the court that it had failed to make necessary findings, but not until the supposed error already had been committed. As we have noted, defendant's initial objection before *voir dire* was merely that he did not want the jury to see his restraints. It was only after *voir dire*, after the jury had been sworn in, that defendant moved for a mistrial on the ground that the trial court had failed to conduct a hearing and make findings about whether he posed a sufficient security risk to justify requiring him to wear restraints during the trial. That was too late. Any harm to defendant that otherwise even arguably might have justified a mistrial already had occurred. *Cf. State v. Sumerlin*, 139 Or App 579, 588-89, 913 P2d 340 (1996) (a defendant may not object that the trial court failed "to make specific findings" sufficient to support consecutive sentences when the objection was not advanced to the trial court before the imposition of sentence).

■     We turn to defendant's assignment concerning the failure to deliver a less-satisfactory evidence instruction. The facts relevant to that assignment are not in dispute. Defendant and his girlfriend got into an argument. Defendant struck her with his fists and with an empty 40-ounce beer

bottle. He did so in the immediate presence of his girlfriend's minor child and other witnesses. Defendant was charged with, among other things, assault in the second degree and reckless endangerment. At trial, defendant's girlfriend testified that defendant had not hit her with the beer bottle, only with his fists. Two other witnesses, however, testified that they observed defendant strike her with the bottle. The state did not introduce into evidence the bottle itself, which apparently had been discarded before the trial.

■■ Defendant requested that the court deliver the following instruction:

"When you evaluate evidence, you may consider the power of the state to gather and produce evidence. If the evidence offered by the state was weaker and less satisfactory than other stronger and more satisfactory evidence which the state could have offered, then you should view the weaker and less satisfactory evidence with distrust."

Defendant argued that the instruction was appropriate because "there might have been some evidence on that bottle that would have been adverse to the State in terms of no sign at all of having impacted or broken skin on the scalp or caused any injury." The court declined to deliver the instruction. On appeal, defendant renews his argument that the instruction would have been appropriate and that, as a result, the trial court erred in refusing his request. According to defendant, he is entitled to the inference that the bottle was discarded "because of a concern that there would be no physical evidence of use as a weapon."

ORS 10.095 provides that the less-satisfactory evidence instruction is required "on all proper occasions." We review a trial court's decision not to deliver the instruction, however, for an abuse of discretion. *State v. McDonnell*, 313 Or 478, 500, 837 P2d 941 (1992). In evaluating whether the trial court abused its discretion, we must determine whether the party requesting the instruction demonstrated that "other evidence was reasonably available on a fact in issue and that there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered." *Id.*

Our decision in *State v. Hendershott*, 131 Or App 531, 887 P2d 351 (1994), *rev den*, 320 Or 587 (1995), is instructive in that regard. In that case, the defendant was charged with a variety of crimes arising out of an incident of carjacking. Several eyewitnesses implicated the defendant. But the state produced no forensic evidence from the car itself, which had been returned to its owner and sold before trial. The defendant requested a less-satisfactory evidence instruction based on the state's reliance on eyewitness testimony instead of forensic evidence from the car. He argued that forensic inspection of the car might have revealed an absence of physical evidence connecting him to the car. The trial court declined to deliver the instruction, and we affirmed, explaining that the defendant had failed to show that "any evidence from the car was stronger than the testimony from several eyewitnesses who implicated him." *Id.* at 536. We noted that there was no evidence that favorable evidence was lost or that the state acted in bad faith in disposing of the car.

This case is materially indistinguishable from *Hendershott*. Defendant was implicated by the testimony of two eyewitnesses who saw him strike his girlfriend with the bottle. He has not shown that evidence from the bottle would have been stronger than that eyewitness testimony. He has not demonstrated that there was any favorable evidence that was lost with the bottle or that the state acted in bad faith in disposing of it. We conclude that the trial court did not abuse its discretion in declining to deliver the instruction.

■ Finally, we turn to defendant's assignment concerning his sentence. Again, the relevant facts are uncontested. The trial court imposed a durational departure sentence on the assault conviction based on a finding of, among other things, "persistent involvement in similar offenses or repetitive assaults." Defendant argues that the sentence is unlawful under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), because the court based the departure sentence on facts that defendant did not admit and that were not proven to a jury. Defendant concedes that he did not advance that argument to the trial court, but argues that we should nevertheless entertain it as plain

error. The state concedes that, under our decision in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), the sentence was plainly erroneous and that it is reviewable as such. We accept the state's concession and, for the reasons described in *Gornick*, exercise our discretion to review the error, vacate the sentences, and remand for resentencing.

Sentences vacated; remanded for resentencing; otherwise affirmed.