Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, petition for review denied June 17, 2009 (346 Or 361)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEWELLS DREAM,
aka Troy Leon Shackelford,
*Defendant-Appellant.*

Lane County Circuit Court
200210736; A119719

205 P3d 83

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Dream*, 202 Or App 245, 121 P3d 699 (2005) (*Dream I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Dream*, 345 Or 315, 195 P3d 62 (2008). In *Dream I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Dream I* was erroneous. Accordingly, we affirm.

■ ■ Defendant was convicted of second-degree assault and recklessly endangering another person. The trial court imposed a durational departure sentence of 144 months' imprisonment on the second-degree assault conviction. The court gave the following reasons for its decision to impose a departure sentence:

> "The court finds substantial and compelling reasons for a durational departure from the presumptive sentence based on the following: persistent involvement in similar offenses or repetitive assaults; Defendant was on supervised probation for a similar conviction at the time of this incident; Defendant has at least two similar convictions involving this same victim. Each reason for departure is sufficient in and of itself."

Because the trial court stated on the record that any of its grounds for departure would be independently sufficient, we need address only the departure factor of defendant's persistent involvement in similar offenses. As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the

defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

On this record, we conclude that the jury would have drawn the inference that defendant was persistently involved in similar offenses. Defendant was sentenced in this case in 2002. Defendant had three prior convictions for assault in Minnesota, two in 2002 and another in 2000. One of those convictions was for an assault of the same victim as in this case, his female domestic partner. That evidence was uncontroverted and, in our view, overwhelming. Accordingly, we will not exercise our discretion to review the assigned error.

Affirmed.