Submitted on record and briefs July 28, sentences in Case No. 02C-48280 vacated; remanded for resentencing; otherwise affirmed; Case Nos. 01C-34354 and 01C-55059 affirmed December 14, 2005

Sandi MARKWOOD,
*Petitioner below,*

*v.*

Todd RENARD,
*Respondent below.*

01C-34354; A120642 (Control),

STATE OF OREGON,
*Respondent,*

*v.*

TODD RENARD,
*Appellant.*

01C-55059; A120643

STATE OF OREGON,
*Respondent,*

*v.*

TODD RENARD,
*Appellant.*

02C-48280; A120644
(Cases Consolidated)

125 P3d 39

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Tammy W. Sun, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Richardson, S. J.

## LANDAU, P. J.

In these three consolidated cases, defendant was convicted of numerous offenses, including two counts of felony assault in the fourth degree in Case No. 02C-48280. On the first count, the trial court imposed a dispositional departure sentence based on the fact that "prior probations have not deterred criminal behavior in this case." The trial court imposed a dispositional departure on the second count based on the facts that defendant was "on supervised probation when this act was committed, and also because this was a much more vulnerable victim." Without specifying a particular count, the court also found that defendant's "adamant denial of the crime committed is a barrier to treatment success" and to deterrence. The court found that each of the aggravating factors was sufficient by itself to support the departures. The court also ordered that those sentences, and several of the sentences imposed on his other convictions, be served consecutively to each other. Defendant did not object to the sentences at trial.

On appeal, he argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court plainly erred in Case No. 02C-48280 by imposing departure sentences and consecutive sentences based on facts not admitted by him or found by a jury beyond a reasonable doubt and that we should exercise our discretion to correct the error. In a *pro se* supplemental brief, defendant also argues that the trial court erred in excluding evidence of the cause of the victim's depression because that evidence was relevant to his choice-of-evils defense, specifically, that he inadvertently injured the victim while responding to her suicide attempt.[1]

The state responds that, where the trial court found that any one departure factor was sufficient and, where defendant admitted his probationary status, the imposition of the departure sentences did not violate the rule of *Apprendi*. The state also argues that, even if the departure

---

[1] Defendant's appeal raises no issues relating to the remaining two consolidated cases.

sentences are erroneous, they are not plainly so and that, even if they are plain error, we should not exercise our discretion to reach them. As to the imposition of consecutive sentences based on facts not admitted by defendant or found by a jury, the state argues that, under *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), that was also not plain error. As to the asserted evidentiary error, the state argues that the cause of the victim's depression was irrelevant to defendant's theory of his defense and that, in any event, the jury heard ample other evidence relating to that theory.

We reject defendant's evidence-based assignment of error without discussion and therefore affirm defendant's convictions. We also decline to reach defendant's unpreserved *Apprendi* challenge to his consecutive sentences. *Fuerte-Coria*, 196 Or App at 174.

We turn to defendant's *Apprendi* challenge to the imposition of two departure sentences in Case No. 02C-48280 based on facts not found by a jury or admitted by him. Again, the trial court imposed a dispositional departure sentence on one count of felony fourth-degree assault based on the fact that "prior probations have not deterred criminal behavior in this case"; imposed a dispositional departure on a second count of that crime based on the facts that defendant was "on supervised probation when this act was committed, and also because this was a much more vulnerable victim"; and, without specifying a particular count, found that defendant's "adamant denial of the crime committed is a barrier to treatment success" and to deterrence. The court also found that each of the aggravating factors was sufficient by itself to support the departures. Accordingly, we consider each factor separately.

■ The factor relating to the vulnerability of the victim requires little discussion. That factor indisputably is not within the exception in *Apprendi* for the fact of a prior conviction; basing a departure sentence on that factor therefore is plain error. *See State v. Ross*, 196 Or App 420, 102 P3d 755 (2004) (plain error to impose departure sentence based in part on vulnerability of victim). The same analysis applies to

the finding that defendant's "adamant denial" of the crime was a "barrier to treatment success."

■   Next, as noted, defendant admitted that he was on probation when he committed new criminal conduct. However, as we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent" and that, where the defendant did not admit those further facts, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." *See also State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005) (factor of being on supervision falls outside the exception in *Apprendi* for "the fact of a prior conviction").

■   Finally, we consider the trial court's finding that previous probations had not deterred defendant from criminal behavior. Consistently with the reasoning in *Allen*, a finding that previous probations did not deter a defendant also encompasses facts and inferences about a defendant's qualities and circumstances that are subject to the jury trial right.

In sum, the trial court plainly erred in respect to each of the factors relied on in imposing departure sentences in Case No. 02C-48280. For the reason stated in *Perez*, 196 Or App at 373, we exercise our discretion to reach the errors.

Sentences in Case No. 02C-48280 vacated; remanded for resentencing; otherwise affirmed. Case No. 01C-34354 and Case No. 01C-55059 affirmed.