Submitted on record and briefs December 7, sentences vacated; remanded for resentencing; otherwise affirmed December 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

RANDY LEON MORRIS,
*Appellant.*

03C-42143; A122128

124 P3d 1292

James N. Varner filed the opening brief for appellant. Randy Morris filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of felony fourth-degree assault, ORS 163.160, and received consecutive upward departure sentences on those convictions. The court based the departure sentences on findings that prior probations and incarcerations had not deterred criminal behavior and that defendant had been persistently involved in similar offenses. On appeal, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing departure sentences based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution.

Although defendant did not advance such a challenge before the trial court, he argues that the sentences should be reviewed as plain error. We agree. We have held that judicial factfinding on aggravating factors such as those involved here runs afoul of the rule of law announced in *Blakely*. *See, e.g., State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005); *State v. Allen*, 198 Or App 392, 108 P3d 651 (2005), *adh'd to on recons*, 202 Or App 565, 123 P3d 331 (2005). For the reason set forth in *Perez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.