Submitted on record and briefs December 29, 2005, sentence vacated; remanded for resentencing; otherwise affirmed February 1, petition for review denied April 4, 2006 (340 Or 359)

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES KAVIN LENNON,
aka Charles Cavin Lennon,
*Appellant.*

02C-46833; A122082

129 P3d 209

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim,* Judges.

PER CURIAM

---

* Wollheim, J., *vice* Richardson, S. J.

**PER CURIAM**

Defendant was convicted of delivery of a controlled substance and received an upward departure sentence of 80 months' imprisonment and 36 months' post-prison supervision. He challenges both his conviction and sentence. We reject without discussion defendant's arguments regarding his conviction.

With respect to his sentence, defendant argues that the trial court's imposition of an upward departure sentence based on its finding that "prior incarcerations, probations, paroles, sanctions haven't worked" was erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because the sentence was based on facts that were not admitted by defendant nor found by a jury. Although defendant did not advance such a challenge below, he argues that the imposition of the sentence should be reviewed as plain error. Under our decision in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentence is plainly erroneous. For the reason discussed in *Perez*, we exercise our discretion to correct the error.

Sentence vacated; remanded for resentencing; otherwise affirmed.