Submitted on record and briefs July 28, 2005, sentences vacated; remanded for resentencing; otherwise affirmed March 8, 2006

STATE OF OREGON,
*Respondent,*

*v.*

MATTHEW MUNIZ,
*Appellant.*

F08124; A119536

130 P3d 789

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Rebecca Duncan, Chief Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy Sylwester, Assistant Attorney General, filed the brief for respondent. On the supplemental brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David J. Amesbury, Assistant Attorney General.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

* Schuman, J., *vice* Richardson, S. J.

LANDAU, P. J.

## LANDAU, P. J.

A jury found defendant guilty of, among other crimes, criminal mischief in the first degree, ORS 164.365(1)(a)(A),[1] and escape in the second degree, ORS 162.155,[2] based on an incident in which he escaped from a youth correctional facility. He appeals his conviction for criminal mischief in the first degree, arguing that the allegation in the indictment that "the value of the property damaged or destroyed was $1,000 or more" pertained to a crime subcategory and not to an element of the crime of first-degree criminal mischief and that the trial court therefore erred in instructing the jury and denying his motion in arrest of judgment as to that crime.[3] In a supplemental brief, defendant also argues that the trial court erred under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), in imposing a departure sentence on his second-degree escape conviction based on facts not admitted by him or found by a jury, namely, his "persistent involvement in similar offenses—runaways and escapes." We reject defendant's first assignment of error without discussion but vacate his sentences and remand for resentencing.

In imposing a departure sentence on defendant's escape conviction, the trial court relied on evidence of defendant's previous conduct as a juvenile under the supervision of the Oregon Youth Authority, including leaving a residential treatment program without permission, "tak[ing] off from" a community service program, and being terminated from a youth correctional facility based on information that he was planning to abscond from a work crew. Defendant objected to

---

[1] ORS 164.365(1)(a)(A) provides that a person commits the crime of criminal mischief in the first degree when, among other prerequisites, the person damages or destroys property of another "[i]n an amount exceeding $750[.]"

[2] ORS 162.155 provides, in part, that a person commits the crime of escape in the second degree when the person "escapes from a correctional facility[.]"

[3] Crime seriousness subcategories are set out in OAR 213-019-0050; the subcategories pertinent to criminal mischief in the first degree based on the value of the property damaged or destroyed are set out in subsections (4)(a) and (5)(a) of that rule.

the sentence on the ground that the "persistent involvement" departure factor requires that an offender have an adult criminal record. In this court, defendant argues that he preserved his challenge to the sentence notwithstanding that, in the trial court, he did not base his challenge on *Apprendi*. Defendant also argues that, even assuming that he did not preserve his challenge to the sentence, its imposition was plain error.

We need not decide whether defendant preserved his challenge to his departure sentence. Under our decisions in *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev allowed*, 338 Or 583 (2005), and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), in the absence of any waiver by defendant of his jury trial right, imposition of the sentence was plain error. For the reasons discussed in those cases, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.