Submitted on record and briefs February 22, sentences vacated; remanded for resentencing; otherwise affirmed May 3, 2006

STATE OF OREGON,
*Respondent,*

*v.*

DONALD J. ROSS,
*Appellant.*

03C-42873; A124283

134 P3d 1106

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Walter J. Ledesma, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

Following a jury trial, defendant was convicted of one count of felon in possession of a firearm, ORS 166.270, and one count of unlawful possession of a weapon, ORS 166.272. The trial court imposed an upward durational departure sentence on both counts, based on a variety of findings, including the failure of past probation to deter defendant's criminal behavior, his failure to appear, his failure to take responsibility for his actions, and his failure to tell the truth.

On appeal, defendant challenges only the sentences, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing departure sentences based on facts that defendant did not admit and that were not found by a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentences should be reviewed as plain error.

In two recent cases involving unpreserved *Blakely* challenges to departure sentences, *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), and *State v. Perez*, 340 Or 310, 131 P3d 168 (2006), the Supreme Court concluded that the trial court did not commit plain error in finding aggravating factors because it was possible for an appellate court to infer from the record that the defendants, who did not object to the trial court's factfinding, chose to have the trial court, rather than a jury, find the aggravating factors. *Perez*, 340 Or at 318. This case is distinguishable from both *Gornick* and *Perez*, however, because in each of those cases, at the outset of the proceedings, the defendant expressly waived his right to have his case tried to a jury. By contrast, in this case, at no time in the proceedings did defendant waive his jury-trial right. As a result, we are unable to properly infer from the record the possibility that defendant waived that right with regard to sentencing. *See State v. Ramirez*, 205 Or App 113, 124-25, 133 P3d 343 (2006). Imposition of the departure sentence was therefore plain error, which, for the reasons

explained in *Ramirez*, we exercise our discretion to correct. *See id.*

Sentences vacated; remanded for resentencing; otherwise affirmed.