Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed January 21, petition for review allowed June 17, 2009 (346 Or 361)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**CHARLES KAVIN LENNON,**
aka Charles Cavin Lennon,
*Defendant-Appellant.*

Marion County Circuit Court
02C46833; A122082

201 P3d 264

Louis R. Miles, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Lennon*, 204 Or App 111, 129 P3d 209, *rev den*, 340 Or 359 (2006) (*Lennon I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Lennon*, 345 Or 315, 195 P3d 63 (2008). In *Lennon I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on a judicial finding that "we've got prior incarcerations, probations, paroles, sanctions haven't worked." That factfinding enterprise constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we correctly exercised our discretion in *Lennon I*. Accordingly, we again remand for resentencing.

Defendant was convicted of delivery of a substantial quantity of controlled substances, and the trial court imposed a departure sentence of 80 months' imprisonment. At sentencing, the court engaged defendant in the following colloquy:

"THE COURT: All right. Anything else?

"[DEFENDANT]: I've got two kids out there. One's seven and one's eight. I'd sure like to be able to say that I could watch some of the things growing up, you know.

"THE COURT: Frankly, sir, based upon your record I don't want you to have a damn thing to do with your kids. Eighty months."

As noted, the trial court explained that it had decided to impose a departure sentence because "we've got prior incarcerations, probations, paroles, sanctions haven't worked."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under

circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because "no reasonable factfinder could have found" anything but that defendant had failed to be deterred by his prior incarcerations. Thus, the state asserts, "there can be no legitimate debate that a jury would have found the same fact found by the trial court." *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

In this case, the trial court did not explicitly state whether it was relying on the departure factors that it found singly or in combination. We therefore assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, a remand for resentencing may be warranted if either of the factors that the court relied on is subject to debate. Here, the trial court relied, in part, on the aggravating factor of defendant's "prior incarcerations, probations, paroles, sanctions haven't worked." As explained below, the court erred in doing so, and we exercise our discretion to correct that error.

In *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), we held that an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent" and that, where the

defendant did not admit those further facts, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." As we explained in *State v. Burns*, 213 Or App 38, 47, 159 P3d 1208 (2007), *rev dismissed as improvidently allowed*, 345 Or 302 (2008), "In *Allen*, we concluded that whether a defendant was on parole at the time of an offense, whether the defendant's character is malevolent, and whether parole failed to serve as an effective deterrent are *factual* issues and, as such, are subject to the Sixth Amendment." (Emphasis in original.) We have applied the same reasoning to the departure factor of a defendant's failure to be deterred by prior probations or incarcerations, explaining that "consistently with the reasoning in *Allen*, a finding that previous probations did not deter a defendant also encompasses facts and inferences about a defendant's qualities and circumstances that are subject to the jury trial right." *Markwood v. Renard*, 203 Or App 145, 150, 125 P3d 39 (2005). *See also State v. Ross*, 205 Or App 477, 479-80, 134 P3d 1106 (2006) (remanding for resentencing where departure sentence was based, in part, on failure of prior probations and incarcerations to deter defendant); *State v. Frazey*, 203 Or App 122, 123, 125 P3d 31 (2005), *rev den*, 342 Or 117 (2006) (same).

Because a finding that a defendant has not been deterred by prior probations or incarcerations depends on inferences about the defendant's personal characteristics and circumstances that are subject to the jury trial right, it is plain error for a court to impose a departure sentence on that ground without submitting the determination to the jury. Accordingly, unless we can say that there is "no legitimate debate" that the jury would have found that departure fact had the inquiry been before it, remand for resentencing is required. *Ramirez*, 343 Or at 513. There is "no legitimate debate" where "the evidence on the sentencing factor is overwhelming[.]" *Id.* at 513-14.

We conclude that it is legitimately debatable whether a jury would have found that defendant was undeterred by his prior incarcerations. Defendant did not admit to his criminal history or to having been undeterred, and the evidence presented by the state in support of that departure factor was limited. At sentencing, the state adduced evidence

of defendant's prior convictions and also argued that the inclusion of defendant's convictions for harassment in the presentence investigation report, although not "counted for purposes of criminal history score as adult, nonperson, class A misdemeanors * * * g[a]ve the court a more accurate depiction of the extent of the defendant's criminal history." The prosecutor argued:

> "[B]ased on the five prior person misdemeanor convictions that the defendant is a B, and the presumptive sentence is 35 to 40 months.
>
> "* * * * *
>
> "The bottom line is you look only at [defendant's] criminal history and he is antisocial. Every time that he has been incarcerated, every time he has been given the benefit of probation he has proven to the court his inability to comply. When I look at these sentences, the majority of them, if they were probations, ended in revocation. And then obviously courts just later began sentencing him strictly to sentences of incarceration, being periods of months in jail, or even incarcerated in prison."

Although defendant did not object to that characterization of his criminal history, he also did not admit that he had been undeterred by his prior incarcerations or probations. Indeed, defendant argued that he was entitled to receive the same sentences that the court imposed on his codefendants, who were sentenced to 28 and 32 months' imprisonment, respectively. The state countered "that neither of those two defendants, and although their criminal history was extensive, neither one had the criminal history that was nearly as extensive as [defendant]."

On this record, we cannot say that the evidence pertaining to the sentencing factor was "overwhelming." As we explained in *Allen*, the determination of whether a defendant had been undeterred by prior sanctions involves more than merely recounting the defendant's criminal history. There also must be evidence that is sufficient to allow a factfinder to draw an inference about "the malevolent quality of the offender," and the failure of probation to serve as an effective deterrent. *Allen*, 198 Or App at 396. Here, although the state presented evidence of defendant's prior convictions, there is

nothing in the record—apart from the prosecutor's assertion that "[w]hen I look at these sentences, the majority of them, if they were probations, ended in revocation"—regarding defendant's performance while he was on probation.

As the Supreme Court made clear in *Ramirez*, in order to conclude that there is "no legitimate debate" that the jury would have found the departure factor relied on by the sentencing court, we must be able to say that "on this record, no reasonable factfinder * * * could conclude anything other" than that the evidence established that factor. 343 Or at 513. As amplified by our decisions in *Burns* and *Allen*, that standard requires evidence that is so overwhelming as to require both an inference about the malevolent quality of the defendant *and* an inference about the failure of probation to serve as an effective deterrent. The evidence in the record here— which consists merely of defendant's criminal history and the state's characterization of defendant's performance while on probation—does not satisfy that standard.

Finally, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. The presumptive sentence for defendant's conviction was 35 to 40 months' imprisonment. The 80-month departure sentence that the court imposed thus doubled defendant's term of incarceration. Accordingly, this is not a case where we should decline to exercise our discretion because other, unchallenged sentences outweigh the seriousness of the challenged sentence. *Cf. State v. Fults*, 219 Or App 305, 309, 182 P3d 267 (2008) (in light of other, unchallenged sentences, the gravity of the sentencing error was slight and it was unlikely that a remand would make any practical difference; court therefore declined to exercise its discretion to correct the error). We therefore exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.