Submitted on remand from the Oregon Supreme Court October 29, 2008,
remanded for resentencing; otherwise affirmed January 21, respondent's petition
for reconsideration filed March 4 allowed by opinion May 13, 2009
See 228 Or App 254, 208 P3d 496 (2009)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LOVELL WILLIAMS, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
00C55187; A124459

201 P3d 267

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Williams*, 207 Or App 645, 142 P3d 552, *rev den*, 342 Or 117 (2006) (*Williams I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Williams*, 345 Or 316, 195 P3d 64 (2008). In *Williams I*, we vacated defendant's sentence and remanded for resentencing because the trial court had imposed a departure sentence based on a judicial finding that defendant had been persistently involved in similar offenses and that prior sanctions had not been effective. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we correctly exercised our discretion in *Williams I*. Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree robbery, and the trial court imposed a departure sentence of 120 months' imprisonment. The court imposed that sentence on the basis of its finding that defendant had

> "persistent involvement in similar offenses, in that that [defendant's prior conviction] was also a robbery. And also, you've had persistent involvement in offenses involving weapons, because you have the ex-convict in possession of a weapon.
>
> "* * * * *
>
> "* * * I do find substantial and compelling reasons to depart for the reason that you do have persistent involvement in similar offenses, although I clearly note that you have—prior sanctions have not been effective, and I find that either of those alone is significant and sufficient to provide the aggravator."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we

concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

■       The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found that prior sanctions had failed to deter defendant. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Oregon Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." As the court explained:

> "In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id.* In *Ramirez*, the Supreme Court concluded that there is "no legitimate debate" that a jury would have found the departure factor where the evidence in support of that factor was "overwhelming." 343 Or at 513-14. Thus, to establish

that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing must not only establish that the defendant had two or more prior similar convictions, it must also support—indeed, to be "overwhelming" it must *require*—the inference that the defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

At the sentencing hearing in this case, the evidence of defendant's involvement in similar offenses consisted of a single prior conviction, in 1990, for second-degree robbery and a single conviction for felon in possession of a firearm that occurred while defendant was on probation for the 1990 offense. That evidence does not persuade us that there is "no legitimate debate" that the jury would have drawn the inference, from the number and frequency of defendant's prior convictions, that defendant was persistently involved in similar offenses.

■  We have previously held that a single prior conviction for a similar offense is insufficient to establish "persistent involvement." *State v. Rodriguez*, 113 Or App 696, 699, 833 P2d 1343 (1992). Here, the trial court imposed a departure sentence on defendant's first-degree robbery conviction based on his prior convictions for second-degree robbery and felon in possession of a firearm. The court explained that the convictions were similar to the defendant's current conviction, because they involved either a lesser-included offense or the use of a weapon, both of which were elements of first-degree robbery. The court correctly concluded that defendant's prior convictions were for "similar" offenses. *See State v. Cornelius*, 112 Or App 98, 100-01, 827 P2d 937, *rev den*, 314 Or 176 (1992) (explaining test for similarity of convictions). However, in light of the intervening period of more than ten years between defendant's 1990 conviction for second-degree robbery and his current conviction,[1] we cannot

---

[1] The record does not reveal the date of defendant's conviction for felon in possession of a firearm. However, at sentencing, the court stated, "Below the 'Ex-convict in possession'—or ex-convict, possession of a weapon, I'm assuming it is. It looks like there was a release date of November 4, 1994." It is apparent from that statement that defendant's prior conviction for felon in possession of a firearm was of a similar vintage to his second-degree robbery conviction. Accordingly, the absence of a precise date of conviction does not alter our analysis.

say that there is no legitimate debate that a jury would draw the inference that defendant's involvement was "persistent" in the sense required by *Bray*.[2]

■     We turn to the trial court's finding that prior sanctions had not been effective. In *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), we held that an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent" and that, where the defendant did not admit those further facts, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." As we explained in *State v. Burns*, 213 Or App 38, 47, 159 P3d 1208 (2007), *rev dismissed as improvidently allowed*, 345 Or 302 (2008), "In *Allen*, we concluded that whether a defendant was on parole at the time of an offense, whether the defendant's character is malevolent, and whether parole failed to serve as an effective deterrent are *factual* issues and, as such, are subject to the Sixth Amendment." (Emphasis in original.) We have applied the same reasoning to the departure factor of a defendant's failure to be deterred by prior probations or incarcerations, explaining that "consistently with the reasoning in *Allen*, a finding that previous probations did not deter a defendant

---

[2] During the sentencing colloquy, the prosecutor referred to other uncharged conduct on defendant's part. Specifically, the state represented that defendant was

"picked up on attempt to elude in 1999, which at the very minimum shows disregard for authority. And then (unintelligible) offense is including 11, including—and very similar for something he had been punished for and supervised for back in 1998 for the (unintelligible) behavior.

"* * * * *

"* * * I believe is accurate in that he would obviously get involved in other types of criminal activity, although not charged, does not mean he did not commit them, and does not mean that he wasn't—for example, things are often not charged when there are other charges pending. There was a 1992 drug arrest around the same time as the ex-con in possession of a weapon."

Defendant challenged the state's recitation, arguing that some of the prior uncharged incidents had been dismissed, or resulted in no charges being filed. As the Supreme Court made clear in *Bray*, a finding of persistent involvement is predicated on an inference being drawn from the number and frequency of *prior convictions*. 342 Or at 724. Accordingly, we do not consider that uncharged misconduct.

also encompasses facts and inferences about a defendant's qualities and circumstances that are subject to the jury trial right." *Markwood v. Renard*, 203 Or App 145, 150, 125 P3d 39 (2005). *See also State v. Ross*, 205 Or App 477, 479-80, 134 P3d 1106 (2006) (remanding for resentencing where departure sentence was based, in part, on failure of prior probations and incarcerations to deter defendant); *State v. Frazey*, 203 Or App 122, 123, 125 P3d 31 (2005), *rev den*, 342 Or 117 (2006) (same).

Because a finding that a defendant has not been deterred by prior probations or incarcerations depends on inferences about the defendant's personal characteristics and circumstances that are subject to the jury trial right, it is plain error for a court to impose a departure sentence on that ground without submitting that determination to the jury. Accordingly, unless we can say that, under *Ramirez*, there is "no legitimate debate" that the jury would have found that departure fact had that inquiry been before it, a remand for resentencing is required.

At sentencing, the state presented evidence of defendant's two prior convictions, as well as information contained in the presentence investigation report regarding earlier parole and probation violations that defendant had committed. That evidence, although significant, was not so overwhelming as to eliminate all legitimate debate as to whether defendant was undeterred by prior sanctions. *See State v. Lennon*, 225 Or App 318, 323-24, 201 P3d 264 (2009) (so holding where evidence of defendant's criminal history was not so "overwhelming" as to eliminate all legitimate debate).

Finally, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. The presumptive sentence for defendant's current conviction was 90 months' imprisonment. The 120-month departure sentence that the court imposed increased defendant's overall term of incarceration by 30 months. Thus, this is not a case where we should decline to exercise our discretion because other, unchallenged sentences outweigh the seriousness of the challenged sentence. *Cf. State v. Fults*, 219 Or App 305, 309, 182 P3d 267 (2008) (in light of other, unchallenged sentences, the gravity of the sentencing error was slight and it was unlikely that a

remand would make any practical difference; court therefore declined to exercise its discretion to correct the error). We therefore exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.