Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed
February 25, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES LYLE JORDAN,
*Defendant-Appellant.*

Malheur County Circuit Court
03084124C; A123147

203 P3d 232

Peter Gartlan, Chief Defender, and David Ferry, Deputy
Public Defender, Office of Public Defense Services, Appellate
Division, for appellant.

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Jeremy C. Rice, Assistant Attorney
General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Jordan*, 206 Or App 517, 136 P3d 1198 (2006) (*Jordan I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Jordan*, 345 Or 315, 195 P3d 63 (2008). In *Jordan I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Jordan I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of felony violation of a stalking order, and the trial court imposed a durational departure sentence of 36 months' imprisonment on one of the convictions. The court gave the following reason for its departure:

> "The basis for the departure sentence is persistent involvement in similar offenses. There's a whole series of Contempt convictions for violation of restraining orders, there are two prior convictions for Stalking, and they're all against the same victim."

The question is whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found the departure factor relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate

that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

On this record, we readily conclude that the jury would have drawn that inference. Defendant in this case had two prior convictions for stalking the victim, as well as several criminal contempt convictions for violating stalking orders taken out by the victim in order to prevent him from contacting her. These convictions all occurred in close temporal proximity to one another over a 10-year period before defendant's current convictions. That evidence was uncontroverted and, in our view, is overwhelming as to both the number and the frequency of defendant's prior convictions, thus making the inference that defendant was persistently involved in similar offenses ineluctable. Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.