Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed February 25, appellant's amended petition for reconsideration filed March 10 allowed by opinion April 29, 2009

See 228 Or App 239, 206 P3d 1219 (2009)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# MATTHEW MUNIZ,
*Defendant-Appellant.*

## Union County Circuit Court
F08124; A119536

203 P3d 243

Rebecca A. Duncan, Assistant Chief Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Muniz*, 204 Or App 469, 130 P3d 789 (2006) (*Muniz I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Muniz*, 345 Or 316, 195 P3d 63 (2008). In *Muniz I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Muniz I* was correct. Accordingly, we remand for resentencing.

Defendant was convicted of, among other offenses, second-degree escape for breaking out of a juvenile correctional facility. The trial court imposed a durational departure sentence of 18 months' imprisonment based on its finding of "persistent involvement in similar offenses—runaways and escapes."

As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

At sentencing, the trial court heard testimony from defendant's juvenile probation officer, who related several instances of defendant running away from juvenile detention facilities. When asked if any of those instances had been charged or had resulted in a conviction for escape, the officer

answered, "[N]o." Both the state and the trial court, as is apparent from the sentencing colloquy, were aware that defendant had no prior convictions for escape. Nonetheless, the state argued, and the trial court agreed, that defendant's prior uncharged conduct qualified him for a departure sentence based on persistent involvement in similar offenses. As *Bray* makes clear, however, a departure based on persistent involvement is predicated on drawing an inference about the defendant from the existence of two or more *prior convictions*. Because defendant lacked the requisite prior convictions for similar offenses, it is debatable that a jury would or properly could find that factor.

Remanded for resentencing; otherwise affirmed.