Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, petition for review denied June 17, 2009 (346 Or 361)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT WESLEY GRITTMAN,
*Defendant-Appellant.*

Marion County Circuit Court
03C44199; A122233

205 P3d 97

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Grittman*, 203 Or App 120, 125 P3d 20 (2005) (*Grittman I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Grittman*, 345 Or 315, 195 P3d 63 (2008). In *Grittman I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Grittman I* was erroneous. Accordingly, we affirm.

Defendant was convicted of manufacturing a controlled substance within 1,000 feet of a school, along with other offenses. The trial court imposed a durational departure sentence of 68 months' imprisonment. The court gave the following reasons for imposing the departure sentence:

> "[O]n the manufacturing charge, * * * there's obviously persistent involvement in similar offenses, * * * you were serving a period of supervised probation or postprison supervision at the time this offense was committed; and it's also obvious that your prior incarcerations have not deterred your criminal behavior. Any one of those is sufficient to support my findings of substantial and compelling reasons to depart upward."

Because the trial court stated on the record that any of the factors that it found were sufficient to support its decision to depart, we need address only the departure factor of defendant's persistent involvement in similar offenses. As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his

or her criminal behavior has been "persistent." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

On this record, we conclude that the jury would have drawn the inference of persistency required by *Bray*. When defendant was sentenced in this case in 2003, he had two prior convictions for the same offense—manufacture of a controlled substance—in 2001 and 2002. Defendant acknowledged both prior convictions. That evidence was uncontroverted and, in our view, overwhelming. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.