Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, petition for review denied July 9, 2009 (346 Or 364)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUDOLF FRANK VILLANUEVA,
*Defendant-Appellant.*

Lane County Circuit Court
200303749; A121218

204 P3d 849

Andrew S. Chilton and Chilton & Galli, LLC for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Villanueva*, 200 Or App 552, 114 P3d 543 (2005) (*Villanueva I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Villanueva*, 345 Or 316, 195 P3d 64 (2008). In *Villanueva I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Villanueva I* was erroneous. Accordingly, we affirm.

Defendant was convicted of menacing and three counts of felony fourth-degree assault. The trial court imposed a durational departure sentence of 60 months' imprisonment on one of the assault convictions. The court gave the following reason for its departure:

> "What I'm going to do is order that, on Count 1, which is the most recent Assault, I'm going to order an upward departure based upon persistent involvement in similar activities and order that you be committed to the Corrections Division for sixty months."

On this record, we readily conclude that there is no legitimate debate that the jury would have drawn the inference that defendant was persistently involved in similar offenses. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels

the inference that his or her criminal behavior has been "persistent."

Here, defendant had numerous prior convictions for similar offenses, including a prior conviction, in 2000, for assaulting the same victim he assaulted in the instant case. The state also told the court that defendant was a "6-A" on the sentencing guidelines grid by virtue of his 10 prior Class A person misdemeanors, a number of which were crimes of domestic violence, including convictions for assaulting and menacing his former spouse. Defendant did not contest that recitation of his criminal history; indeed, defense counsel engaged the court in the following colloquy:

"[DEFENSE COUNSEL]: I'm not saying his behavior doesn't warrant a substantial sanction, but he's been in the criminal justice system, from what I can see, since 1987. And based upon the information provided to me by the State, his behavior has been the same. Now we're 15 years later, and he's looking at a substantial prison sentence. * * *.

"THE COURT: Well, he has convictions for all these things.

"[DEFENSE COUNSEL]: Well, that's my whole point. He's been in the criminal justice system since 1987."

Given that colloquy, as well as the substantial number of defendant's prior convictions, there is no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.