Submitted on remand October 28, 2008, affirmed April 1, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDY LEON MORRIS,
*Defendant-Appellant.*

Marion County Circuit Court
03C42143; A122128

204 P3d 865

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Morris*, 203 Or App 541, 124 P3d 1292 (2005) (*Morris I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Morris*, 345 Or 316, 195 P3d 63 (2008). In *Morris I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses and that prior probations had failed to deter him from committing further crimes. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Morris I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of felony fourth-degree assault. The trial court imposed a durational departure sentence of 60 months' imprisonment on the first count and a consecutive durational departure sentence of 12 months' imprisonment on the second count. The court gave the following reasons for its decision to impose departure sentences:

> "[On the first count:] I will depart in this case and make substantial and compelling findings based on aggravating factor of the fact that [defendant's] prior probations and incarcerations have not deterred criminal behavior, and I'm fully aware that on many of these probations there were not violations or revocations. I don't think that's what—still aggravating though that you went through the probation and even successfully completing it did not deter additional criminal conduct. There's a variety of different types of offenses you've been involved in. They're not all assaultive type behavior. There's some that are driving offenses, some are trespass * * * and some are weapons offenses, some though are in the nature of assaults or assaultive type behavior, aggressive type behavior, menacings or I think there was one that was filed as a recklessly

endangering, involved some kind of confrontive behavior with someone. But certainly, incarceration has been tried, the probations that have been tried have not been successful, unfortunately. I think we're up to the 11th incident that's listed under convictions, and given that, I will depart upward to 60 months to the Corrections Department.

"* * * * *

"[On the second count:]  * * * Given the nature of the conduct and the history, I would depart upward also in this case, find substantial and compelling reasons to do so based on the fact defendant was serving a period of probation at the time he committed these offenses. I think I could rely on any of these factors. I believe that there is a basis to find that [defendant] * * * persistently is engaged in similar offenses. I don't think just because it's labeled assault is the only factor. There have been two prior I think assaultive type convictions * * * but we also have menacing and recklessly endangering is another type of assaultive behavior * * *. But I think the factor I've chosen is sufficient to depart upward. I could rely on the other as well."

We conclude that there is no legitimate debate that the jury would have found the departure factors relied on by the trial court. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). On the first count, the court imposed a departure sentence based on its finding that defendant had failed to be deterred by prior probations or incarcerations, and, on the second count, the court found that a departure sentence was warranted because defendant was on probation at the time that he committed his current offense.[1] As explained below, both departure factors are grounded in the inference, which the jury would be required to draw from evidence of a defendant's criminal history and personal characteristics, that the defendant had failed to be deterred by his or her prior incarcerations or probations.

In *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331

---

[1] Because the trial court stated, on the record, that both of its bases for departure on the second count were independently sufficient, we do not reach the question of defendant's persistent involvement in similar offenses.

(2005), *rev den*, 342 Or 46 (2006), we held that an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent" and that, where the defendant did not admit those further facts, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt."

As we explained in *State v. Burns*, 213 Or App 38, 47, 159 P3d 1208, *rev dismissed as improvidently allowed*, 345 Or 302 (2008), "In *Allen*, we concluded that whether a defendant was on parole at the time of an offense, whether the defendant's character is malevolent, and whether parole failed to serve as an effective deterrent are *factual* issues and, as such, are subject to the Sixth Amendment * * *." (Emphasis in original.) We have applied the same reasoning to the departure factor of a defendant's failure to be deterred by prior probations or incarcerations, explaining that, "[c]onsistently with the reasoning in *Allen*, a finding that previous probations did not deter a defendant also encompasses facts and inferences about a defendant's qualities and circumstances that are subject to the jury trial right." *Markwood v. Renard*, 203 Or App 145, 150, 125 P3d 39 (2005); *see also State v. Frazey*, 203 Or App 122, 123, 125 P3d 31 (2005), *rev den*, 342 Or 117 (2006) (remanding for resentencing where departure sentence was based, in part, on failure of prior probations and incarcerations to deter the defendant); *State v. Ross*, 205 Or App 477, 479-80, 134 P3d 1106 (2006) (same).

On this record, we conclude that there is no legitimate debate that the jury would have drawn the inferences required by *Allen* and *Burns*. Defendant was on probation for menacing when he committed his current crimes. Defendant also had an extensive criminal history, extending back to 1975, which included juvenile convictions for burglary; theft; trespass; and unauthorized use of a vehicle, and adult convictions beginning in 1982 for menacing; burglary (1983); ex-convict in possession of a weapon (1993); attempting to elude and driving while suspended (1994); trespass and criminal mischief (1994); assault in the fourth-degree; filing a

false report and attempting to elude (1994); reckless endangerment and use of mace or a stun gun (1999); violation of a restraining order (2000); possession of a weapon (2002); and menacing (2002). That evidence was uncontroverted and, in our view, so "overwhelming" that there is no legitimate debate that the jury would have found the departure factors relied on by the trial court. *See Ramirez*, 343 Or at 513 (no legitimate debate where evidence establishing departure factor is overwhelming). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.