Submitted on record and briefs October 31, sentences vacated; remanded for resentencing; otherwise affirmed December 6, 2006

STATE OF OREGON,
*Respondent,*

*v.*

BO J. RAMBO,
*Appellant.*

04103; A125023

149 P3d 172

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and David Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted by a jury of two counts of first-degree robbery, ORS 164.415, two counts of second-degree assault, ORS 163.175, one count of felon in possession of a firearm, ORS 166.270, and one count of possession of a controlled substance, ORS 475.992. On appeal, defendant raises several evidence-based assignments of error, which we reject without discussion. Defendant also challenges his sentences on the ground that the court erred in imposing an upward departure sentence on the felon in possession conviction based on a finding of "persistent involvement" in similar offenses and in ordering several sentences to be served consecutively, based on facts not found by the jury or admitted by defendant. *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We do not reach defendant's argument concerning consecutive sentences, as we conclude that he is entitled to resentencing because the court imposed an upward departure sentence based on facts not found by the jury or admitted by defendant.

Defendant's challenge to the departure sentence is unpreserved. However, in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), we held that the imposition of a departure sentence under similar circumstances constituted plain error. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.