Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed
April 8, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BO J. RAMBO,
*Defendant-Appellant.*

Baker County Circuit Court
04103; A125023

206 P3d 212

Peter Gartlan, Chief Defender, and David Ferry, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Rambo*, 209 Or App 598, 149 P3d 172 (2006) (*Rambo I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Rambo*, 345 Or 316, 195 P3d 63 (2008). In *Rambo I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Rambo I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of first-degree robbery, two counts of second-degree assault, felon in possession of a firearm, and possession of a controlled substance. The court imposed a dispositional departure sentence of 18 months' imprisonment on the felon in possession of a firearm conviction, explaining that it was defendant's "fourth conviction for being a felon in possession of a firearm since 1991."

On this record, we readily conclude that there is no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." As the trial court observed, defendant's current conviction for

felon in possession of a firearm was his fourth conviction for that offense in 13 years. That evidence was uncontroverted and, in our view, overwhelming. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.