Submitted on record and briefs March 24, sentence vacated; remanded for resentencing; otherwise affirmed May 3, 2006

STATE OF OREGON,
*Respondent,*

*v.*

KENNETH MARTIN DENBO,
*Appellant.*

03C-46292; A122377

134 P3d 1107

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric M. Cumfer, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a trial to a jury, defendant was convicted of felony stalking. He received an upward departure sentence based on the trial court's findings that defendant had persistent involvement in similar offenses, that prior sanctions had not deterred him, and that his criminal history score was worse than reflected by his criminal history. On appeal, defendant makes various challenges to his conviction; we reject those challenges without discussion.

Defendant also challenges his sentence. Defendant argues that the trial court's imposition of a departure sentence violated the principles enunciated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because the sentence was based on facts that were not admitted by defendant or found by a jury. Defendant did not advance that challenge below, but argues that the sentence should be reviewed as plain error. Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), the sentence is plainly erroneous. For the reason set forth in *Ramirez*, we exercise our discretion to correct the error.[1]

Sentence vacated; remanded for resentencing; otherwise affirmed.

---

[1] Because we remand for resentencing, we need not address defendant's alternative arguments regarding his sentence.