Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed
January 28, petition for review denied May 14, 2009 (346 Or 213)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD W. KNOKE,
*Defendant-Appellant.*

Klamath County Circuit Court
0102729CR; A121494

202 P3d 194

Rebecca A. Duncan, Assistant Chief Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Knoke*, 205 Or App 667, 135 P3d 357 (2005) (*Knoke I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Knoke*, 345 Or 315, 195 P3d 63 (2008). In *Knoke I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings of "permanent injury to victim; harm and loss significantly greater than typical; repetitive assaults unrelated to current crime; lack of remorse; assaults escalating in seriousness." That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Knoke I* was erroneous. Accordingly, we affirm.

■ Defendant was convicted of one count of second-degree assault arising out of a fight he had with the victim wherein he repeatedly punched the victim in the face, resulting in the victim lapsing into a coma. At the time of trial, the victim was confined to a wheelchair with only a limited ability to speak as a result of his injuries. The trial court sentenced defendant to a durational departure sentence of 120 months' imprisonment and provided that the sentence was to be served consecutively to a sentence imposed in a separate case. In its written judgment, the trial court explained:

> "The court finds substantial and compelling reason(s) for a durational departure as stated on the record, any one of which would justify departure.
>
> "• Permanent injury to victim; Harm and loss significantly greater than typical; Repetitive assaults unrelated to current crime; Lack of remorse; Assaults escalating in seriousness[.]"

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd*

*to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under similar circumstances to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

■ The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factors relied on by the trial court. *See Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

Because it is dispositive, we address only the departure factor of the victim's permanent injury. We readily conclude that there is no legitimate debate that the jury would have found permanent injury to the victim. Although the victim could not testify as a result of his injuries, the jury heard expert medical testimony from two witnesses: defendant's witness, Dr. Brady, and the state's witness, Dr. Olsen. Brady, after being asked by the state whether the blows inflicted by defendant "cause[d] serious and protracted disfigurement," answered, "It did, Sir." Brady was also asked whether defendant's actions "cause[d] protracted impairment of health," and "protracted loss or impairment of the function of any bodily organ * * * in this case, the brain," and he answered both questions in the affirmative. Olsen testified that, "Actually, I'm more amazed he wasn't an autopsy instead of my testifying as a consultant on an assault case. Because the majority of cases like this actually are fatal and generally, rapidly so." In light of that testimony, we are satisfied that the jury would have found that the victim suffered permanent physical injury.

Thus, because there is no legitimate debate that the jury would have found the same departure factor relied on by the trial court, we decline to exercise our discretion to correct the trial court's error.

Affirmed.