Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed April 8, petition for review denied June 17, 2009 (346 Or 361)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS GERALD ERICKSON,
*Defendant-Appellant.*

Deschutes County Circuit Court
03FE0823ST; A123652

206 P3d 221

Louis R. Miles, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Erickson*, 205 Or App 555, 134 P3d 1114 (2006) (*Erickson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Erickson*, 345 Or 315, 195 P3d 62 (2008). In *Erickson I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Erickson I* was erroneous. Accordingly, we affirm.

Defendant was convicted of five counts of sodomy (Counts 1 through 5), five counts of first-degree sex abuse (Counts 6 through 10), and one count of attempted rape (Count 11) arising out of his abuse of his daughter in the late 1980s and early 1990s. The trial court imposed consecutive 20-year indeterminate terms of incarceration on Counts 1 through 5 and consecutive five-year indeterminate terms of incarceration on Counts 6 through 10. On Count 11, the attempted rape conviction, the court imposed a durational departure sentence of 90 months' imprisonment. The court gave the following reasons for its imposition of a departure sentence:

> "[T]he victim was particularly vulnerable, not just because she was very young, but because she had been entrusted to your care and was your daughter. And certainly there was a violation of trust by [the victim] herself and trust by [the victim's] mother that she would be safe when she was in your care.
>
> "* * * * *
>
> "But, as I have said, it was the significant cruelty, the violence or ugliness, as [the state] pointed out, is aggravating. And I certainly think the harm to the victim is significant, and that ultimately there's an extremely high risk to

the community. But, ironically, I think that there's a greater risk to your own family than to the community at large from you now."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if any one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

On this record, we conclude that there is no "legitimate debate" that the jury would have found the departure factors relied on by the trial court. The first factor, the particular vulnerability of the victim, was established by the victim's age and her relationship to defendant. Defendant's abuse of his daughter took place over a six-year period, 1986 to 1992, and during that period the victim was under 12 years old. Defendant also was the victim's father, and he committed the acts while the victim was left in his care by her mother. The second factor, the violation of both the victim's trust and the victim's mother's trust, similarly was established by the fact that defendant committed the crimes during times when the victim was left under his supervision. The factors of significant degree of harm to the victim and significant cruelty were summarized by the trial court from the victim's testimony at trial:

"The level of disdain for these kids and for this particular victim as a person, a human being, was, to me, well beyond what I normally see for these sorts of crimes, and was—well, there was a level of intolerability that was incredible.

"And when I thought about this little kid at the time, being dropped off by mom[,] * * * being dropped off by mom and entrusted to your care, and then subjected to these sorts of cruelties, it was unimaginable. And even today you could see how she was suffering from the effects of this treatment.

"And the fact that she disclosed and then—and testified has created some additional personal problems for her, beyond what she was experiencing before she disclosed. And, again, there was a level of cruelty and a level of disdain that we seldom see even in people who commit these crimes."

The court also observed that the victim had testified that "she can no longer have an intimate relationship with her husband * * * and they had separated as a result" of defendant's abuse and the subsequent stress of the trial. From the victim's testimony of the circumstances of the crimes, as well as the subsequent impact of defendant's abuse, we conclude that there is no legitimate debate that the jury would have found the harm to have been significantly greater than normal; that same evidence is also sufficient to remove any legitimate debate that defendant's abuse constituted significantly cruel conduct and that defendant posed a significant risk to the community. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.