On respondent's petition for reconsideration filed March 4, reconsideration allowed; former opinion (225 Or App 325, 201 P3d 267) adhered to May 13, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LOVELL WILLIAMS, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
00C55187; A124459

208 P3d 496

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Tiffany Keast, Assistant Attorney General, for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

The state has petitioned for reconsideration of this court's opinion in *State v. Williams*, 225 Or App 325, 201 P3d 267 (2009) (*Williams II*), arguing that this court misconstrued the Supreme Court's holding in *State v. Bray*, 342 Or 711, 160 P3d 983 (2007), and mistakenly relied on our own cases governing departure sentences based upon a defendant's supervisory status. We allow reconsideration, reject the state's arguments, and adhere to our former opinion.

In *Williams II*, we exercised our discretion to review defendant's assignment of error because both of the departure sentencing factors that the trial court identified were subject to "legitimate debate." 225 Or App at 331-32. In its petition for reconsideration, the state argues that our decision to exercise our discretion was erroneous because we misconstrued the cases governing the departure factors that the trial court identified. The state argues first that, with respect to the departure factor of defendant's persistent involvement in similar offenses, we mistakenly disclaimed reliance upon defendant's uncharged misconduct. *See id.* at 330 n 2. In the state's view, our failure to consider defendant's uncharged misconduct constituted a deviation from our prior case law construing that departure factor, and a misinterpretation of the Supreme Court's opinion in *Bray*. The state also argues that we erred in adhering to our opinion in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), where we explained that an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent." Neither of the state's arguments is well taken.

Although the state accurately cites our case law examining the departure factor of "persistent involvement in similar offenses," the state's argument fails to acknowledge the posture in which this case—and the 90-some other related cases remanded under *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173

P3d 822 (2007)—have come to this court. The sole question presented by the Supreme Court's remand in those cases is whether this court's exercise of discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991) was correct. To answer that question, the Supreme Court instructed this court to determine whether the sentencing departure factor(s) identified by the trial court were subject to "legitimate debate." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Our discussion of *Bray*, accordingly, should be viewed in light of the unique context in which this case—and the several other cases presenting the same issue—have come before this court.

Uncharged misconduct, by its very nature, will generally be subject to "legitimate debate," unless admitted to by the defendant in his or her testimony, because such conduct has not been proven to a trier of fact beyond a reasonable doubt or, as in this case, will often not have been before the trier of fact at all.[1] Unlike the fact of a prior conviction, evidence of uncharged misconduct lacks the concreteness that we have required of other classes of evidence we have considered as part of our "legitimate debate" inquiry. For example, whether or not a victim was particularly vulnerable can be established by evidence of the victim's age or relationship to the defendant. *See, e.g., State v. Erickson*, 227 Or App 299, 302, 206 P3d 221 (2009). Similarly, the fact of permanent injury to the victim can be established by medical testimony in the record. *See, e.g., State v. Knoke*, 225 Or App 377, 380, 202 P3d 294 (2009). In short, in the context of considering whether evidence is so "overwhelming" as to remove all "legitimate debate," uncharged misconduct evidence is less likely to meet that standard.

---

[1] Indeed, here the "evidence" of defendant's uncharged misconduct consisted of the representations made by the prosecutor at sentencing. *See Williams*, 225 Or App at 330 n 2. The representation concluded with this assertion:

"I believe it is accurate in that [defendant] would obviously get involved in other types of criminal activity, *although not charged, does not mean he did not commit them*, and does not mean that he wasn't—for example, things are often not charged when there are other charges pending. There was a 1992 drug arrest around the same time as the ex-con in possession of a weapon."

(Emphasis added.)

We reject the state's second argument without discussion. Suffice it to say that nothing in the state's petition for reconsideration warrants revisiting our holding in *Allen*.

Reconsideration granted; former opinion adhered to.