Submitted on remand from the Oregon Supreme Court August 9, affirmed October 20, 2010, petition for review denied February 3, 2011 (349 Or 603)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LOVELL WILLIAMS, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
00C55187; A124459

241 P3d 1170

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the supplemental brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Williams*, 225 Or App 325, 201 P3d 267 (*Williams II*), *adh'd to on recons*, 228 Or App 254, 208 P3d 496 (*Williams III*) (2009), in light of *State v. Lennon*, 348 Or 148, 229 P3d 589 (2010). *State v. Williams*, 348 Or 461, 234 P3d 983 (2010). *Williams II* was also before us on remand from the Supreme Court (*Williams III*), after that court had vacated our prior decision, *State v. Williams*, 207 Or App 645, 142 P3d 552, *rev den*, 342 Or 117 (2006) (*Williams I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). In *Williams II*, we held that the trial court's imposition of a departure sentence based on judicial factfinding was plain error, and we exercised our discretion to correct that error because we could not say, following *Ramirez*, that there was "no legitimate debate" that defendant had been persistently involved in similar crimes or that he had failed to be deterred by his prior sanctions. *Williams II*, 225 Or App at 331. *See Ramirez*, 343 Or at 513 (setting out "no legitimate debate" standard). We adhered to that holding on reconsideration in *Williams III*, 228 Or App at 258. Here, however, in light of the Supreme Court's overriding analysis in *Lennon*, we conclude that the record before us establishes that there is "no legitimate debate" that a trier of fact would have found that defendant had failed to be deterred by his prior sanctions. Consequently, we affirm.

■ Defendant was convicted of first-degree robbery, and the trial court imposed a departure sentence of 120 months' imprisonment. The court imposed that sentence on the basis of its finding that defendant had

> "persistent involvement in similar offenses, in that that [defendant's prior conviction] was also a robbery. And also, you've had persistent involvement in offenses involving weapons, because you have the ex-convict in possession of a weapon.
>
> "* * * * *

"* * * I do find substantial and compelling reasons to depart for the reason that you do have persistent involvement in similar offenses, although I clearly note that you have—prior sanctions have not been effective, and I find that either of those alone is significant and sufficient to provide the aggravator."

As noted, we held in *Williams II* that the evidence in the record failed to establish that there was "no legitimate debate" that a jury would have found the same departure factors identified by the trial court. With regard to the "persistent involvement" factor, we applied the Supreme Court's analysis in *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007). There, the court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." As the court explained:

"In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id. See Williams II*, 225 Or App at 328. Applying that analysis to the record in this case, we explained:

"At the sentencing hearing in this case, the evidence of defendant's involvement in similar offenses consisted of a single prior conviction, in 1990, for second-degree robbery and a single conviction for felon in possession of a firearm that occurred while defendant was on probation for the 1990 offense. That evidence does not persuade us that there is 'no legitimate debate' that the jury would have drawn the inference, from the number and frequency of defendant's prior convictions, that defendant was persistently involved in similar offenses."

*Id.*

We reached a similar conclusion with regard to the second departure factor identified by the trial court, *viz.*, the

failure of prior sanctions to deter defendant. In reaching that conclusion, we relied on a line of cases from this court establishing that a determination that a defendant has failed to be deterred " 'requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent.' " *Williams II*, 225 Or App at 330 (quoting *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006)). Following that analysis, we concluded that the evidence the state had presented, "although significant, was not so overwhelming as to eliminate all legitimate debate as to whether defendant was undeterred by prior sanctions." *Id.* at 331. Although we did not specifically conclude that the trial court could not have drawn the inference that defendant had the "malevolent quality" required by our case law as synthesized in *Allen*, our disposition of the case necessarily reflected our conclusion that the evidence in the record did not remove all "legitimate debate" regarding that inference.

■　　In *Lennon*, the court rejected our reliance on the "malevolent quality" factor in determining whether or not a defendant has failed to be deterred by his or her prior sanction and set forth the controlling analysis:

> "To find a failure to deter, the factfinder must infer that a defendant's prior criminal sanctions should have deterred the defendant from committing the current offense. Whether that inference follows from the defendant's prior criminal sanctions will depend on such factors as the number of past convictions or sanctions, when they occurred, and the kind of crimes that the defendant committed. A finding that those past criminal sanctions have not deterred a defendant from committing further crimes thus requires something beyond a conclusion that a defendant *has* one or more criminal convictions in his past. But a finding of a 'separate malevolent quality' *is not necessary*. If the record supports the factual inference that a defendant's prior criminal convictions or sanctions should have, but did not, deter the defendant from committing his new offense or offenses, that factual finding can, in a proper case, support a departure sentence."

348 Or at 157 (first emphasis in original; second emphasis added) (footnote omitted). Thus, under *Lennon*, the dispositive issue is whether a defendant's prior sanctions *should have* but *did not* deter the defendant from committing his or her new offense or offenses.

■        The Supreme Court provided guidance in *Lennon* as to how the inquiry into whether a defendant should have been, but was not, deterred by his or her prior sanctions, should be conducted:

> "[T]he record of defendant's criminal history provides 'no legitimate debate' that prior criminal sanctions have failed to deter defendant from engaging in criminal activity. The presentence report, on which the sentencing court relied, shows that defendant's criminal history spans two decades, without a significant lapse of time between his criminal activities. He has been convicted of 37 criminal offenses; has received supervision terms in 22 cases, and has violated supervision at least 34 times. His parole and probation record includes over 1,500 entries that detail repeated instances of arrest and incarceration, illegal drug use, restraining order violations, failing to report or keep contact with parole and probation officers, and failing to undergo or complete court-ordered drug treatment. What is more, defendant committed the drug offense in this case while awaiting sentencing on a drug-related conviction for which he had been tried only about two weeks earlier."

*Id.* at 158. Thus, *Lennon* teaches that, where the record before the trial court contains evidence of pervasive and long-term criminal behavior by the defendant—whether that behavior has taken the form of subsequent crimes, probation or supervision violations, or failures to comply with the terms of a sentence—there is "no legitimate debate" that a trier of fact would draw the inference that the defendant had failed to be deterred by the prior sanctions.

■        Here, defendant committed his present crimes in 2000. In addition to his prior convictions for robbery in 1990 and felon in possession of a firearm soon thereafter,[1] according to the prosecutor, the presentence investigation report—

---

[1] As we explained in *Williams II*:

"The record does not reveal the date of defendant's conviction for felon in possession of a firearm. However, at sentencing, the court stated, 'Below the

the accuracy of which defendant did not contest—recited a drug arrest in 1992, an arrest for "attempt to elude" in 1999, a fight in 1999 that did not result in criminal charges, two probation violations following the conviction for "ex-convict in possession of a weapon," and a parole violation resulting in 120 days' incarceration in 1995, followed by a violation of the same parole later that same year resulting in seven months' incarceration in a work release center.

On this record, we conclude that there is "no legitimate debate" that a trier of fact would have found that defendant had failed to be deterred by his prior sanctions and that those prior sanctions should have deterred him from committing subsequent crimes. Like the defendant in *Lennon*, defendant here engaged in a pattern of repeated violations, crimes, and criminal behavior over a lengthy period of time following his conviction for a serious offense—robbery—in 1990. Accordingly, we decline to exercise our discretion to correct the trial court's error in this case.

Affirmed.

---

"Ex-convict in possession"—or ex-convict, possession of a weapon, I'm assuming it is. It looks like there was a release date of November 4, 1994.' It is apparent from that statement that defendant's prior conviction for felon in possession of a firearm was of a similar vintage to his second-degree robbery conviction."

225 Or App at 329 n 1.